STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
Ronald Pelkey } Docket No. 21-2-99 Vtec
}
}
}

<u>Decision and Order on Motion for Summary Judgment</u>

Appellant Ronald Pelkey appealed from a January 1999 decision of the Zoning Board of Adjustment (ZBA) of the Town of Fairfax, denying his application for the third of three building permits. Appellant is represented by Paul Gillies, Esq.; and the Town of Fairfax is represented by Charles F. Storrow, Esq. Appellant has moved for summary judgment.

In February, 1997, Appellant received conditional use approval from the ZBA for a seven-lot subdivision. The approval contained the condition that "permits for dwelling units, if available, will be limited to two per calendar year." Appellant did not appeal this condition or any other aspect of the conditional use approval. Appellant received state subdivision permit and Act 250 approval in February 1998.

In March, 1998, the Town voted to limit the number of single dwelling building permits that would be issued in a year to twenty-five. As of May 11, 1998, twenty-four of those permits had been issued, and at its meeting that date, the Selectboard scheduled a lottery for the one remaining permit, to be held on June 1. Appellant had applied for a building permit on May 12, 1998, but declined to participate in the lottery, and another applicant was selected. On June 2,1998, Appellant applied for building permits for all seven of the lots in his subdivision. The Zoning Administrator did not accept Appellant's application. Appellant appealed that decision to the ZBA, which affirmed the decision on June 18, 1998, and Appellant did not appeal the ZBA's decision.

On June 15, 1998, the Selectboard repealed the quota on building permits. On June 29, 1998, the Zoning Administrator approved permits for Lots #1 and #7, but refused to issue permits for the remaining five lots due to the phasing condition in the 1997 conditional use approval. Appellant appealed the decision to the ZBA. In September, 1998, the ZBA found that Appellant was entitled to two additional permits, for a total of four

1

of the seven, because none of the allotted permits had been issued in 1997, but denied the remaining three permits. Appellant did not further appeal the ZBA decision.

In December, 1998, the town re-adopted the building permit quota of twenty-five permits per year. However, already-approved phased developments were specifically exempted from the quota. The ZBA confirmed that the new quota would not be applied to building permit applications related to previously-approved subdivisions which had been subjected to a phasing condition. In January, 1999, Appellant applied for and obtained two of the three remaining building permits, but his request for the third permit was denied. The ZBA affirmed the denial of the third permit, and this appeal followed.

This appeal does not implicate the constitutionality of a phasing requirement, nor does it raise any issues with regard to the quota adopted in December of 1998. Rather, the third permit was denied due to the condition in Appellant's 1997 conditional use approval. As he did not appeal the 1997 conditional use approval, he is bound by its conditions. 24 V.S.A. §4472(d). In any event, this dispute may have become moot as of January, 2000, when Appellant became entitled under his 1997 permit to the remaining building permit at issue in this appeal.

Accordingly, based on the foregoing, Appellant's Motion for Summary Judgment is DENIED, and summary judgment is entered in favor of the Town. Without regard to the present Town quota for building permits, Appellant is bound by his unappealed 1997 conditional use approval, which contained the phasing requirement of two building permits per year.

Done at Barre, Vermont, this 16th day of March, 2000.

_____
Merideth Wright
Environmental Judge

2